UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allied Sales Drivers and Warehousemen,
Local No. 289, International Brotherhood of
Teamsters,

       Plaintiff,

v.

Sara Lee Bakery Group and Sara Lee
Corporation,

       Defendants.

Civil No. 10-2110 (JNE/FLN)
ORDER

Allied Sales Drivers and Warehousemen, Local No. 289, International Brotherhood of Teamsters (Local 289), brought this action against Sara Lee Bakery Group and Sara Lee Corporation (collectively, Sara Lee) under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (2006), to compel arbitration. The case is before the Court on cross-motions for summary judgment. For the reasons set forth below, the Court grants Sara Lee's motion and dismisses this action.

## I.    BACKGROUND

Local 289 and Sara Lee are parties to collective bargaining agreements. On October 1, 2007, Michael DeBuck, Local 289's president, discovered that ALDI, a grocery chain, picked up products from Sara Lee's facility in Roseville, Minnesota, and delivered them to an ALDI facility in Farmington, Minnesota. Believing that the work should be performed by Sara Lee transport drivers represented by Local 289, DeBuck filed a grievance the same day. On October 22, 2007, a grievance meeting took place. At the meeting, DeBuck wrote on the grievance: "Upon further information, this grievance is to include all companies along with Aldis." On November 16, 2007, Local 289 requested arbitration.

Local 289 sought information to determine whether it had grounds to file a similar grievance on behalf of route sales representatives. By letter dated February 21, 2008, Local 289 revised the grievance originally filed on behalf of transport drivers to include a claim related to route sales representatives. Sara Lee asked Local 289 to submit a separate grievance on behalf of the route sales representatives, and the union declined to do so.

A hearing took place before an arbitrator on September 18, 2008. At the hearing, the parties agreed not to include the grievance related to the route sales representatives in the arbitration. They also agreed to submit to the arbitrator the issue of whether Local 289 could proceed on the grievance as amended by DeBuck on October 22. On September 23, 2008, Local 289 filed a grievance related to the route sales representatives. On November 20, 2008, the arbitrator decided that the arbitration would proceed on the basis of the October 22 amended grievance. The arbitration took place in December 2008. In February 2009, the arbitrator denied Local 289's grievance.

In March 2009, Local 289 sought arbitration of the September 23 grievance related to route sales representatives. After Sara Lee had refused to arbitrate, Local 289 brought this action.

## II.    DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need

consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Asserting that Local 289 did not timely bring this action, Sara Lee moves for summary judgment. Sara Lee contends that a 6-month limitation period applies to Local 289's action to compel arbitration. Local 289 asserts that the 6-month limitation period does not apply to this "non-hybrid" section 301 action and that the limitation period does not apply because the underlying alleged violation of the collective bargaining agreements is a continuing violation. The Court rejects Local 289's arguments.

An action to compel arbitration under section 301 of the Labor Management Relations Act "is governed by the 6-month limitations period set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)." *United Rubber, Cork, Linoleum & Plastic Workers v. Pirelli Armstrong Tire Corp.*, 104 F.3d 181, 183 (8th Cir. 1997); *see Bass v. City of Sioux Falls*, 232 F.3d 615, 617-18 (8th Cir. 1999); *John Morrell & Co. v. United Food & Commercial Workers Int'l Union, Local 304A*, 992 F.2d 205, 207 n.3 (8th Cir. 1993); *Local No. 88 United Food & Commercial Workers Union v. Middendorf Meat Co.*, 991 F.2d 801 (8th Cir. 1993) (per curiam) (unpublished table decision); *Aluminum, Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053, 1054-55 (5th Cir. 1990) (noting several circuits rejected the argument that the 6-month limitation period does not apply in a "pure" section 301 action to compel arbitration). If a demand for arbitration is refused, a cause of action to compel arbitration accrues upon the refusal to arbitrate. *Bass*, 232 F.3d at 617-18; *see United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied-Industrial & Serv. Workers Int'l Union v. Continental*

*Tire N. Am., Inc.*, 568 F.3d 158, 162 (4th Cir. 2009). Here, it is undisputed that Local 289 demanded arbitration of the September 23 grievance related to route sales representatives in March 2009 and that Sara Lee refused to arbitrate no later than May 2009. Local 289 brought this action approximately one year after Sara Lee had refused to arbitrate. Local 289's action to compel arbitration is therefore untimely.

Having concluded that Local 289 brought this action to compel arbitration after the expiration of the 6-month limitation period, the Court grants Sara Lee's motion for summary judgment, denies Local 289's motion for summary judgment, and dismisses this action. The Court declines to consider Sara Lee's alternative argument for summary judgment.

### III.  CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Local 289's Motion for Summary Judgment [Docket No. 17] is DENIED.

2. Sara Lee's Motion for Summary Judgment [Docket No. 28] is GRANTED.

3. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 15, 2011

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge